IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEBRA JODRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:20-cv-00243 |
| v. ) | JUDGE RICHARDSON |
| ) | |
| FIRE DOOR SOLUTIONS, LLC and LIFE ) | |
| SAFETY COMPLIANCE SOLUTIONS, ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court are two motions: Plaintiff's Motion to Stay Defendants' Motion for Summary Judgment (Doc. No. 60, "Motion to Stay") and Plaintiff's Motion to Compel Deposition Testimony (Doc. No. 61, "Motion to Compel"). Plaintiff's Motion to Stay seeks "an Order staying the Motion for Summary Judgment, allowing Plaintiff time to obtain the deposition of Mickey Eberts and respond adequately to the motion." (Doc. No. 60). Plaintiff's Motion to Compel seeks "an Order directing Defendants to produce Mr. Eberts for a deposition." (Doc. No. 61 at 3).

These motions go beyond asking the Court for additional time to respond to Defendants' summary-judgment motion so that additional discovery may be completed within a discovery period that has not yet expired, or asking for a brief extension to the discovery deadline so that this witness may be deposed. Because fact discovery in this case closed on March 15, 2021, Plaintiff's Motion to Compel would require the Court to re-open discovery six months after it closed. Plaintiff fails even to ask the Court to re-open discovery. Still less does she meet her burden of showing

good cause to grant such a request. *See Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 431 (6th Cir. 2006); *West American Insurance Co. v. Potts*, 908 F.2d 974 (6th Cir. 1990).

Typically, a deposition request would come in the form of a subpoena issued pursuant to Fed. R. Civ. P. 45. Such subpoenas (though not prescribed in the part of the Federal Rules of Civil Procedure entitled "Disclosures and Discovery") constitute discovery requests which are subject to the standard discovery period cut-off outlined in a relevant scheduling order. *See Dziadek v. Charter Oak Fire Ins. Co.*, No. 4:11-CV-04134-RAL, 2016 WL 1643825, at *2 (D.S.D. Apr. 22, 2016) ("The majority of courts agree that Rule 45 subpoenas constitute discovery and are therefore governed by the discovery deadlines set forth in a scheduling order."). In the Court's view, this is obviously true when the subpoena requests deposition (as opposed to trial) testimony. True, there are limited circumstances under which a Rule 45 subpoena for a deposition may be issued following the discovery deadline, including "for the limited purposes of memory refreshment, trial preparation, or to secure for the use at trial original documents previously disclosed by discovery." *Circle Grp., LLC v. Se. Carpenters Reg'l Council*, 836 F. Supp. 2d 1327, 1352 (N.D. Ga. 2011). Courts may also allow Rule 45 subpoenas to be issued after the discovery deadline "when the subpoenas were narrowly tailored and sought documents only for purposes of cross-examination and impeachment." *Dziadek v. Charter Oak Fire Ins. Co.*, No. 4:11-CV-04134-RAL, 2016 WL 1643825, at *2 (D.S.D. Apr. 22, 2016). Even if Plaintiff had brought her Motion to Compel under Rule 45 (which she did not), her motion would be denied because, given Plaintiff's stated purpose for conducting the proposed deposition,[1] none of these particular and narrow circumstances are present here.

---

[1] Plaintiff states that she seeks to depose Mr. Eberts "to determine the basis for his factually inconsistent claims in the Declaration." (Doc. No. 61 at 3).

Rather than invoking Rule 45, Plaintiff brings her Motion to Compel pursuant to Fed. R. Civ. P. 37, which governs failures to make disclosures or to cooperate in discovery. Plaintiff does not indicate which provision of Rule 37 provides authority for her Motion. The most likely candidate would be Rule 37(a)(3)(B), which concerns a motion "to compel a discovery response." Rule 37(a)(3)(B) allows such motions to be made only where: "(i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted— or fails to permit inspection—as requested under Rule 34." Plaintiff does not allege, nor do her motions indicate, that any of these factors are present here. The Court fails to see any other provision of Rule 37 under which Plaintiff's Motion to Compel could reasonably fall. And even if one were to take an overly broad view of Rule 37 and say that Plaintiff at this late date should be able to depose Mr. Eberts based on his (or Defendants') failure somehow to "cooperate" in getting Mr. Eberts deposed earlier, Plaintiff does not allege any such failure, and even if she did, she does not explain why she did not move earlier for an order to compel the deposition based on any failure to cooperate in this manner. Moreover, the parties' Joint Discovery Dispute Statement and Request for Discovery Conference (Doc. No. 62) makes no reference to any dispute regarding any attempt by Plaintiff to depose Mr. Eberts.

Importantly, the Court sees no reason why this deposition could not have been conducted during the discovery period. *See Dziadek*, 2016 WL 1643825, at *3 (quashing a subpoena where the movant could have obtained the information being sought during discovery). It should not come as a surprise to Plaintiff that Mr. Eberts, "the CEO of Fire Door Solutions, LLC" and "COO of [Life Safety Compliance Solutions, LLC]," would have been an important individual to depose

3

while discovery was still open. (Doc. No. 61 at 1). Indeed, Mr. Eberts' name is all over Plaintiff's Second Amended Complaint (Doc. No. 39). It appears that if anyone should have been deposed during the discovery period, it would have been Mr. Eberts. Accordingly, Plaintiff's request to take this deposition now, six months after discovery has closed, and to delay briefing on summary judgment at the same time, is not well-taken.

Plaintiff is welcome to depose Mr. Eberts with the consent of all concerned, though the Court understands that such cooperation is unlikely at this stage, but the Court will not (and does not see any grounds to) compel that this deposition take place. Plaintiff is also welcome to vigorously contest, in her response to Defendants' motion for summary judgment, any allegations contained in Mr. Eberts' declaration with which Plaintiff disagrees. The alleged "glaring inconsistencies" in Mr. Eberts' declaration may be fodder for attacking its reliability and overall usefulness in supporting Defendants' motion for summary judgment, but they do not support re-opening the discovery period; instead, these are issues that are perfectly suited for Plaintiff's summary judgment response (or for cross examination at trial). The Court declines to re-open discovery and compel this deposition now, when it could (and should) have been taken months ago.

For these reasons, Plaintiff's Motion to Stay Summary Judgment (Doc. No. 60) and Motion to Compel Deposition Testimony (Doc. No. 61) are **DENIED**.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE